# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**LUIS ALCINA,**

    **Plaintiff,**

**v.**                                                                        **Case No.  8:14-cv-1040-T-30MAP**

**ITALIAN CAST STONE, INC. and**
**DANTE CONTO,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss Defendant's Counterclaims (Dkt. 11) and Defendant Italian Cast Stone Inc.'s Response in Opposition (Dkt. 14).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted and the counterclaims dismissed without prejudice.

## BACKGROUND

Plaintiff Luis Alcina filed the instant employment action against Defendants Italian Cast Stone, Inc., his former employer, and Dante Conto for discrimination and retaliation in violation of 42 U.S.C. § 1981, Title VII, and the Americans with Disabilities Act ("ADA"). Alcina alleges that during his employment he was subjected to disparate treatment based on his race and/or national origin.  He further claims that he suffers from a disability under the ADA and he was terminated as a result of his race, national origin, and/or disability.

Defendant Italian Cast Stone filed an answer and three counterclaims: (1) intentional interference with business relationships; (2) breach of fiduciary duty; and (3) abuse of process. Alcina argues that the Court should not exercise supplemental jurisdiction over these Florida claims because they are unrelated to Alcina's federal employment claims. Alcina also contends that the claims fail to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As explained below, the Court declines to exercise supplemental jurisdiction over the Florida claims because they are not sufficiently related to Alcina's employment claims. Thus, the Court need not reach the issue of whether the counterclaims state a claim.

## **DISCUSSION**

It is undisputed that the Court does not have federal or diversity jurisdiction over the counterclaims. As such, the Court must consider whether to exercise supplemental jurisdiction over the counterclaims. *See* 28 U.S.C. § 1367; *Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 742 (11th Cir. 2006) (noting that section 1367 "reflects a dichotomy between a district court's power to exercise supplemental jurisdiction, § 1367(a), and its discretion not to exercise such jurisdiction, § 1367(c)."

Section 1367(a) authorizes supplemental jurisdiction when claims "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims are part of the same case or controversy if they "'derive from a common nucleus of operative fact.'" *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta,* 701 F.3d 669, 679 (11th Cir. 2012) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966)). The Court must "take the nucleus of facts on which the federal question

claims are based and compare it to the nucleus of facts on which the state law claims are based." *Id.*

A review of Alcina's federal employment claims and Italian Cast Stone's counterclaims reveals that the claims are not derived from a common nucleus of operative facts. Alcina's claims relate to discrimination and retaliation based on his race, national origin, and disability. Italian Cast Stone's claims relate to Alcina's actions *after* his termination of intentionally interfering with customer relationships, breaching his fiduciary duty to Italian Cast Stone based on comments he allegedly made to Italian Cast Stone's customers, and abusing process. These claims involve different witnesses, discovery, and, importantly, as Florida state-law claims, are wholly unrelated to the federal claims in terms of the relevant evidence and proof. Accordingly, the Court declines to exercise supplemental jurisdiction over the counterclaims and they are dismissed without prejudice.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Dismiss Defendant's Counterclaims (Dkt. 11) is granted.
2. Defendant Italian Cast Stone Inc.'s Counterclaims are dismissed without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on July 29, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1040.grantmtdismiss-CC.frm